IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 1:24-cr-371-ECM |
| | ) | [WO] |
| KEONTE JAMEL WHITE | ) | |

**MEMORANDUM OPINION and ORDER**

## I. INTRODUCTION

Now pending before the Court is Defendant Keonte Jamel White's ("White") unopposed motion to correct clerical error pursuant to Rule 36 of the Federal Rules of Criminal Procedure. (Doc. 31). Upon consideration of the motion and the entire record, the Court finds that the motion is due to be granted.

## II. FACTUAL AND PROCEDURAL HISTORY

White was indicted twice in the Middle District of Alabama for related conduct: (1) in 2023, he was indicted on charges related to drugs and a firearm, Case No. 1:23-cr-405 (the "2023 case"); and (2) in 2024, he was indicted on four charges arising out of the possession and purchase of the same firearms as the 2023 case, Case No. 1:24-cr-371 (the "2024 case"). On June 4, 2024, White was sentenced to 80 months' imprisonment in the 2023 case. White was subsequently indicted in the 2024 case and ultimately pleaded guilty to all four counts pursuant to a plea agreement. (*See* doc. 24). At sentencing, the parties agreed that because the 2023 and 2024 cases were related, White should be sentenced in the 2024 case as though he were being sentenced at the same time as the 2023 case. The

parties further agreed as follows: (1) White's criminal history category in the 2024 case should be I (although technically he was a criminal history category II due to the criminal history points from the conviction in the 2023 case); and (2) the Government would not oppose White's sentence being adjusted downward to reflect the time in custody for which he would have been given credit had he been sentenced for all charges at the same time; and (3) the remaining time to be served on the 2023 and 2024 cases would run concurrently. In the 2024 case, the Court sentenced White to 12 months and 2 days' imprisonment, adjusted from 24 months pursuant to USSG § 5G1.3(b), on each count to run concurrently. (Doc. 28 at 3). The Court further ordered that the sentence run concurrently with the term of imprisonment imposed in the 2023 case. (*Id.*).[1]

After he was sentenced in the 2024 case, White learned that the adjustment language in the judgment created a problem. When he was indicted in the 2023 case, White was in the primary custody of the State of Alabama and was brought to federal court pursuant to a writ. After he was sentenced in the 2023 case, the State dropped the charges. Thus, the Federal Bureau of Prisons ("BOP") had credited White with the time he served in state custody (from December 8, 2023, through June 4, 2024) towards his 80-month sentence in the 2023 case. However, when the Court's judgment in the 2024 case referenced § 5G1.3(b), the BOP interpreted this language as the Court giving White credit for the state custody time towards his *2024* sentence. Pursuant to 18 U.S.C. § 3585(b), the BOP cannot give credit for time served if that time "has . . . been credited against another sentence."

[1] The undersigned presided over White's sentencing in the 2024 case.

Thus, the BOP determined it could no longer give White credit in the 2023 case for the time he spent in state custody from December 8, 2023, through June 4, 2024, because, according to the BOP, White was already receiving that state custody credit in the 2024 case. As a result, the BOP extended White's time to serve by about 6 months and 17 days.

Defense counsel represents that he has communicated with a Department of Justice Attorney Advisor to the BOP, who confirmed that the BOP is not crediting White's earlier state custody time toward the 2023 case because of the § 5G1.3(b) language in the Court's 2024 judgment. The Attorney Advisor advised defense counsel that, to make sure White receives credit for the state custody time toward the 2023 case and that the 2023 and 2024 cases run concurrently, the language in the 2024 judgment regarding § 5G1.3(b) should be stricken.

**III. DISCUSSION**

White requests that the Court correct the 2024 judgment by striking the § 5G1.3(b) adjustment language, so that White will receive credit for the state custody time toward the 2023 case and the 2023 and 2024 cases will run concurrently. The Government does not oppose this request.

White contends that Rule 36 authorizes the Court to correct the 2024 judgment in the manner he requests. Rule 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." In the Eleventh Circuit, Rule 36 "may not be used 'to make a substantive alteration to a criminal sentence.'" *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004) (per

curiam) (citation omitted). Rule 36 may be used, however, to correct clerical errors or errors arising from an oversight which would not "fundamentally alter [the defendant's] sentence" or make the defendant's sentence more onerous. *Id.* at 1165.

On this record, the Court finds that correction of the 2024 judgment pursuant to Rule 36 is warranted. To correct an error arising from an oversight regarding how the BOP would credit White's earlier time in state custody, the judgment is due to be corrected to remove the reference to the § 5G1.3(b) adjustment. Moreover, this correction does not fundamentally alter White's sentence or make the sentence more onerous; instead, it ensures that White receives credit toward the 2023 case for his time in state custody and that the 2023 and 2024 cases run concurrently, consistent with the parties' agreement and the Court's intent at sentencing that White be sentenced in the 2024 case as though he were being sentenced at the same time as the 2023 case. *See id.* For these reasons, the Court finds that the Defendant's motion is due to be granted.

**IV. CONCLUSION**

Accordingly, for the reasons stated, and for good cause, it is

ORDERED the Defendant's unopposed motion to correct clerical error pursuant to Rule 36 of the Federal Rules of Criminal Procedure (doc. 31) is GRANTED as follows:

1. Page 2 of the Judgment (doc. 28) is AMENDED to state the following:

> The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
>
> 12 Months, 2 Days on each count, to run concurrently. This sentence shall also run concurrently with the term of imprisonment imposed in Middle District of Alabama Case Number 1:23-cr-405-ECM-JTA.

2. The Judgment otherwise remains in full force and effect.

The Court will enter a separate Amended Judgment consistent with this Memorandum Opinion and Order.

DONE this 28th day of August, 2026.

/s/ Emily C. Marks
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE